CARLO, PLAINTIFF AND APPELLEE, v. FERRER, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action
of Filiation.

No. 2108.—Decided April 23, 1920.

FILIATION—EVIDENCE.—In this case an eighth-grade school diploma in the name
of Estebanía Ferrer, the plaintiff, was admitted in evidence over the objec-
tion of the defendant for the purpose of showing that the defendant had
authorized the plaintiff to use his surname. *Held:* That although the ad-
mission of the diploma for that purpose was erroneous, the error could not
be considered as prejudicial and, therefore, is not a ground for the reversal
of the judgment.

ID.—ID.—REPUTATION.—In actions of filiation evidence of the reputation of the
mother of the alleged natural child is pertinent.

ID.—PLEADING—DENIAL.—The mere statement that the defendant has not suffi-
cient information as to a certain fact alleged under oath in the complaint
is not a formal denial of that fact.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—It is not error for a court to over-
rule a motion for a new trial when there is no showing that it was impos-
sible sooner to discover the new evidence on which the motion is based and
when such evidence refers to matters already brought out at the trial.

The facts are stated in the opinion.

*Mr. J. Sabater* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The District Court of Mayagüez rendered judgment sus-
taining the complaint in this action. The defendant moved
for a new trial and the court overruled the motion. The
defendant appealed from the judgment and from the order
denying a new trial and sent up two different transcripts
which were filed under Nos. 2108 and 2109 respectively.
Both appeals were heard together and the questions therein
raised will be considered and disposed of in this opinion.

Estebanía Carlo, known as Estebanía Ferrer, brought an
action of filiation against Esteban Ferrer, alleging in her
complaint that she was the natural child of the defendant
and of Francisca Carlo. The defendant answered. The case
was brought to trial and the district court, as we have said,

gave judgment for the plaintiff. In its statement of the case and opinion the trial court found as follows:

"The documentary and oral evidence introduced by the plaintiff clearly convinced the court that Esteban Ferrer, the defendant, cohabited and had sexual relations with Francisca Carlo, the mother of the plaintiff, while both were single and she was reputed as of chaste character; that the plaintiff was the offspring of those relations, and that at the time of the conception both the defendant and Francisca Carlo were capacitated to contract marriage without dispensation. The defendant himself confessed and admitted before the court that he had carnal intercourse with the said Francisca Carlo about the time of the conception of the plaintiff. It was also shown that the defendant was very attentive to Francisca Carlo during her delivery of the plaintiff and afterwards, and that he regularly looked after the plaintiff's maintenance and education and always considered her as his daughter. The evidence of the defendant was very weak in support of his denials of her allegations."

The appellant maintains in his brief that the court erred in weighing the evidence because the evidence was not as strong and convincing as is required by jurisprudence to show, pursuant to section 135 of the old Civil Code which governs this case, the existence of an indisputable paper written by him expressly acknowledging his paternity, or that the plaintiff was in uninterrupted enjoyment of the status of a natural child of the defendant father, justified by direct acts of the said father or of his family.

In our opinion the error assigned was not committed. We have examined the testimony of the twenty-one witnesses called by the plaintiff and it is strong and convincing evidence that the said plaintiff is the natural child of the defendant and that by direct and repeated acts he recognized her as such; therefore it may be held that the child in this case was in uninterrupted enjoyment of the status of natural child of the defendant father under the law.

The evidence of the defendant tends to contradict that of the plaintiff. The defendant himself took the witness-stand and denied his paternity, attempting to represent the

mother of the plaintiff as a woman who had illicit relations with several men. The court decided the conflict against the defendant and as it has not been shown that in so doing it was influenced by passion, prejudice or partiality, its finding must be accepted.

The appellant also maintains in his brief that the court erred in admitting in evidence a certain diploma and in refusing to allow a witness to testify regarding the reputation of the mother of the plaintiff. We will examine these two assignments.

The plaintiff testified that when quite small she was taken to school by her father, the defendant, and enrolled under the name of Estebanía Ferrer; that she always bore that name and her diploma was issued to her in that name when she passed the eighth grade of the graded schools of Porto Rico; and thereupon the diploma was offered and admitted in evidence. The defendant objected, "contending that such evidence showed nothing regarding the acknowledgment, since it has not been shown that Esteban Ferrer was the person who enrolled the child under the name of Estebanía Ferrer." The court admitted the evidence "because the witness as well as other witnesses had testified that the defendant authorized her to use his surname and this evidence corroborates her testimony in that connection." It may be held that the court erred in stating at the time of its admission that the diploma was evidence tending to corroborate the testimony of the defendant in the sense that the defendant authorized her to use his surname. The diploma was admissible merely for the purpose of completing the testimony of the plaintiff for the purpose of showing that she used the surname of Ferrer; that she was known by that name at school, and that the certificate was issued to her under that name. But we fail to see that the error was prejudicial. The court did not refer to the diploma in rendering its final

decision and there is abundant evidence in the record of the direct acts of the defendant constituting the acknowledgment.

The second question is as follows: While testifying Rafael Mangual was asked: "What was the reputation of Pancha Carlo in the community at that time? The attorney for the plaintiff objected on the ground that the question was not material and that there was no special allegation regarding her reputation. The court sustained the objection and the defendant excepted." The witness continued testifying and without objection answered: "What I can say is that the girl was very pretty and a great many men were in love with her; but I can say nothing about her; she was a maiden because she was young."

We are of the opinion that in cases of this kind evidence as to the reputation of the mother of the alleged natural child is pertinent. In this particular case the first clause of the complaint, which was verified, is as follows:

"1. That about the month of May of the year 1896 the natural mother of this plaintiff, Francisca Carlo, who was then pure and chaste, was courted under promise of marriage by Esteban Ferrer, who was single at that time; that they had carnal relations and lived together as husband and wife in this city of Mayagüez, and that as a result of such carnal relations the plaintiff was born on August 4, 1897."

In the answer, which was also verified, it was stated:

"This defendant has not sufficient information and belief in regard to that part of clause 1 of the complaint which alleges that Francisca Carlo, on the date specified in said clause, was chaste and pure, and denies that he courted the said Francisca Carlo at the time referred to.

The defendant should have denied for lack of information and belief the chastity and purity of Francisca Carlo, and not have stated merely that he lacked sufficient information.

and belief in regard thereto. It may be held on the issue thus joined that the defendant admitted the chastity and purity of the mother of the plaintiff at the time to which clause 1 of the complaint refers.

But even conceding that the plaintiff was bound to prove that fact and that the defendant had the right to introduce evidence in rebuttal and therefore that the court committed error in not allowing the witness to answer the question, such error could not be deemed prejudicial because the witness really testified later to everything that he knew and because the defendant himself was then permitted to testify fully on that point. The court rendered judgment with a full knowledge of all the facts. The transcript shows that great latitude was allowed in the examination of the evidence in this case.

The brief of the appellant in connection with the new trial is a copy of the one filed with the record sent up on appeal from the judgment. It is added to only by the affidavits which accompanied the motion, which was based on the discovery of new evidence and the insufficiency of the evidence examined. The plaintiff opposed the motion and filed affidavits contradicting those filed by the defendant.

In our opinion the impossibility of timely discovery of the new evidence was not shown and that evidence refers to matters that were discussed at the trial. In regard to the insufficiency of the evidence examined, we have already expressed our opinion.

In such circumstances we are convinced that the district court did not commit error in refusing to grant a new trial and that its order should be affirmed, as should also be the judgment appealed from.

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf concurred in the judgment.